# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30243

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY M. WARD, also known as Gregory Ward,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-9527

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:*

Gregory Ward pleaded guilty to possessing with intent to distribute 100 grams or more of heroin, for which he was sentenced to 236 months in prison. He filed a motion seeking postconviction relief under 28 U.S.C. § 2255 on the ground that his counsel was ineffective for erroneously informing him that he could appeal the denial of a suppression motion even if he entered an unconditional guilty plea. The district court denied the motion, concluding

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Ward failed to show either deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).  The district court also denied a certificate of appealability (COA).

Ward then sought authorization from this court to appeal the denial of his section 2255 petition.  A member of this panel denied a COA.   The full panel rejected Ward's motion to reconsider that ruling.

Ward filed a petition for certiorari.  In his response to the petition, the Solicitor General conceded that "jurists of reason would find it debatable whether petitioner was entitled to an evidentiary hearing on deficient performance."  Memorandum for the United States, *Ward v. United States,* Supreme Court No. 18-7439, at 3.  As for prejudice, the Solicitor General stated that "[b]oth the district court and the court of appeals analyzed whether petitioner had established prejudice without the benefit of" the Supreme Court's decision in *Lee v. United States*, 137 S. Ct. 1958 (2017).   Solicitor General's *Ward* Memorandum at 3.   That decision, the Solicitor General further explained, "provided additional guidance on prejudice in the context of misadvice concerning guilty pleas, making clear that a court's inquiry 'focuses on a defendant's decisionmaking,' and may properly take account of both the objective rationality of accepting a plea and contemporaneous evidence demonstrating that the defendant, rationally or not, would have rejected a plea absent deficient advice."  *Id*. at 3–4 (quoting *Lee*, 137 S. Ct. at 1966).  Based on its belief that this new guidance from *Lee* postdated our court's decision in this case, the Solicitor General recommend that the Supreme Court grant the petition, vacate our judgment, and remand for further consideration in light of *Lee*.  The Supreme Court followed that recommendation.

It turns out that *Lee* was not decided after we denied Ward a COA.  *Lee* issued on June 23, 2017.  That was after the district court denied Ward's

No. 17-30243

petition (February 6, 2017), but before the COA was denied in our court (single judge order on May 21, 2018; denial of reconsideration on July 27, 2018).

In any event, because the government has now conceded that Ward's showing on the deficient performance presents a debatable issue and the Supreme Court concluded that prejudice should be assessed under *Lee*, we conclude that this ineffective assistance of counsel claim "deserve[s] encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Accordingly, a COA is granted on Ward's claim that counsel provided ineffective assistance by telling him that he could appeal the suppression ruling even after entering an unconditional plea.